Shaw, C. J.
The only question in this case is, whether the facts that were offered to be proved, would, if proved, have constituted a good waiver or release of the error. The evidence offered had no tendency to prove the fact in issue, to wit, whether Daniel Goodridge was twenty one years old when the judgment was rendered.
As there is no general issue to try questions of fact upoD a *490 writ of error, inasmuch as the plea in nullo est erratum is in the nature of a demurrer, (Yelv. 57,) putting in issue only such errors as may be shown on the face of the record; it may be a question, since special pleading is abolished, how an issue should be framed, so as to enable the defendant in error to avail himself of an estoppel or other matter in avoidance. Perhaps it might be competent for the court, under their authority to direct how an issue may be framed, and might be most conformable to the rules and practice of the court in analogous cases, to allow the defendant in error to come and plead that the said judgment is not erroneous in any matter of fact, in manner and form, &c., and tender an issue to the country. With this plea he might be required to file a specification, setting forth, in addition to a denial of the fact assigned for error, a release of errors, an estoppel, or any other matter of fact in avoidance, on which he relies, tending to show that the judgment ought not to be reversed.
But we are of opinion, without relying on the form of the issue joined in this case, that the evidence, which was offered at the trial, would not constitute a good bar to the writ of error. That evidence went no further than to show an admission of Daniel that he owed the debt, and a promise to pay it. But no reference was made by him to the judgment. The doctrine of rebutter does not apply, because here was a bill of costs, in addition to the debt, and because Daniel might have grounds of defence to an action on the note, which he could not have to an action of debt on the judgment.
Had the alleged admission and promise been made after the commencement of the first action, and had this evidence thereof been offered, then it would not have been admissible, because it was evidence to maintain an action on a new promise, on which the cause of action accrued after it was brought. Ford v. Phillips, 1 Pick. 202. Thornton v. Illingworth, 2 Barn. & Cres. 824. As a waiver or release of errors, it was not admissible, and would not be under a plea in bar; because such plea is in the nature of an estoppel, and must apply directly to the judgment itself. The admission and promise, offered to be *491 proved, were, that the note constituted a good debt, and that Daniel would pay it. It did not attach to the judgment, and it does not even appear that he knew that judgment had been rendered. Supposing such acknowledgment and promise would, prima facie, support a new action, it would be competent for the defendant therein to prove payment by himself or his co-debtor, or set-off, or any other matter in discharge and avoidance; of all which he might be deprived, if this judgment should be affirmed. It does not therefore follow, as a necessary or even a natural conclusion, because Daniel was willing then to pay the note, that he intended to waive the error in the judgment admitted to be erroneous.
The verdict must stand, and the judgment of the court of common pleas be reversed.